UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS JR.                                                                                                  Plaintiff

v.                                                                                       Civil Action No. 3:20-cv-392-RGJ

SOUTHERN ASSOCIATION OF THE
SCHOOLS AND COLLEGES, *et al.*                                                              Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Lynell Willis Jr. filed a *pro se* complaint (DN 1). He also filed an application to proceed without prepayment of fees ("application") (DN 5). Upon review of the application, the Court finds Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).

**IT IS THEREFORE ORDERED** that the application (DN 5) is **GRANTED**.

Because Plaintiff is proceeding without prepayment of fees, or *in forma pauperis*, this Court must perform an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff, who lists himself as a Kentucky citizen, filed this action on a "Complaint for a Civil Case" form, alleging diversity jurisdiction. As Defendants, Plaintiff names the Southern Association of the Schools and Colleges and Pamela Carvey, both in Decatur, Georgia. He alleges that the amount in controversy is more than $75,000 because: "Messed up my [illegible] of vision [and] nervous system, Accleration of education is inotation (slow) computerized (scantron) test system has failed is blocked off from seeing school peers." As his "Statement of Claim," Plaintiff alleges, "In 1988 two workers (female) of the Radcliff, Ky. courthouse removed some writings from my Louisiana home. As I had written the Southern Ass. of the Schools [and] Colleges upon

reviewing I saw the signature of Pamela Carvey one written by guardian K. Willis." As relief, Plaintiff seeks the following:

> I ask the courts to polygraph and investagate Ms. Carvey, president [and] boards members of the S.A.O.T.S.C. on where they received the signatur, who input [and] generated the computerized signatur, ask Ms. Willis if she remebers writing, relieve Ms. Carvey. I ask for 100 million dollars in damages tax brackett messed up, schools projector messed up, is not passing.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The Court finds that Plaintiff's allegations meet this standard.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The Court finds that Plaintiff's allegations meet this standard as well.

## III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:

cc: Plaintiff, *pro se*
　　 Defendants
A961.005